UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JI DONG CHENG, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>HSBC BANK USA, N.A.,<br><br>　　　　　　*Defendant*. | CLASS ACTION COMPLAINT<br><br>JURY DEMANDED HEREON<br><br>CIVIL CASE NUMBER: 1:20-CV-1551 |

　　　　Plaintiff Ji Dong Cheng brings the following Class Action Complaint on behalf of himself and all others similarly situated:

## NATURE OF ACTION

　　　　1.　　Defendant HSBC Bank USA, N.A. ("HSBC") offers a savings account product called HSBC Direct Savings ("Account"). HSBC claims that the Account earns interest at a rate 20 times better than the national average.

　　　　2.　　The obvious allure to opening an Account is to earn a higher interest rate on one's savings.

　　　　3.　　In form documents, HSBC represents to customers that interest begins to accrue the same business day funds are deposited.

　　　　4.　　But HSBC does not apply interest to deposits beginning on the same business day on which the deposits are made.

　　　　5.　　Instead, HSBC has a policy or practice of not applying interest for the first several days after business day deposits have been made.

1

6. HSBC did not disclose this policy or practice to Plaintiff and Class Members.

7. HSBC's policy or practice denies customers several days' worth of interest on their deposits.

8. HSBC's policy or practice effectively caused Plaintiff and Class Members to incur a charge on the deposits to their Accounts.

9. HSBC did not disclose this charge to Plaintiff and Class Members.

10. HSBC's unlawful conduct garners illicit profits for HSBC to the detriment of its customers.

11. Based on HSBC's unlawful conduct, Plaintiff and the Classes bring claims for violation of the Electronic Fund Transfer Act ("EFTA"), breach of contract, and violation of New York General Business Law § 349.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

13. This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this case is a class action, the classes have more than 100 members, the amount in controversy exceeds $5,000,000, and Plaintiff is a citizen of a different state than Defendant.

14. The Court has authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

15. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions, or transactions that give rise to this action occurred, in substantial part, in this District. Specifically, and without limitation, Plaintiff opened and made the subject deposits to the Account online

from his Queens County, New York residence.

## PARTIES

16. Plaintiff Ji Dong Cheng is an adult resident citizen of Texas who also maintains a residence in Queens County, New York.

17. Defendant HSBC is a nationally chartered bank and is a citizen of New York.

## FACTS

18. The Rules for Consumer Deposit Accounts serves as the agreement ("Agreement") between HSBC and its Account customers. In the section titled, "Interest," the Agreement states, "Interest rates, compounding periods, balance computation methods, and minimum balance requirements are explained in the Terms and Charges Disclosures."

19. The applicable Terms and Charges Disclosures document ("Disclosures") states that new Accounts can be opened "online only" and that the initial funding deposit must come from a financial institution outside of the HSBC group of financial institutions in the United States ("non-HSBC Bank").

20. The Disclosures state, "Interest begins to accrue on the Business Day you deposit noncash items (e.g., checks)."

21. HSBC defines a "Business Day" as "every day except Saturday, Sunday and Federal holidays."

22. Deposits made through the use of a wire or electronic transfer are "noncash items." Thus, a deposit made by wire or electronic transfer on a Business Day should begin to accrue interest on that same day.

23. One type of electronic transfer is an ACH transfer, which can be described simply as the electronic movement of money between banks through the Automated Clearing House

network.

24. On Friday, May 31, 2019, which was a Business Day, HSBC received from Plaintiff via an ACH transfer a $100,000 deposit from Plaintiff's non-HSBC bank.

25. Pursuant to the Agreement and Disclosures, interest should have begun to accrue on Plaintiff's deposit that same Business Day.

26. But HSBC did not apply interest on Plaintiff's deposit until, at the earliest, Tuesday, June 4, 2019.

27. On Tuesday, November 26, 2019, which was a Business Day, HSBC received from Plaintiff via an ACH transfer another $100,000 deposit.

28. Pursuant to the Agreement and Disclosures, interest should have begun to accrue on Plaintiff's deposit that same Business Day.

29. But HSBC did not apply interest on Plaintiff's deposit until, at the earliest, Friday, November 29, 2019.

30. Plaintiff promptly called HSBC to notify HSBC of its failure to apply interest to deposits beginning on the same Business Day as the deposits were made.

31. HSBC told Plaintiff that it is HSBC's policy to not apply interest to deposits, including Business Day deposits like Plaintiff's, until 3-5 business days after a deposit is made.

32. HSBC's policy was not disclosed in the Agreement or Disclosures.

33. Indeed, HSBC's policy runs directly counter to the plain language in the Disclosures, which states that interest begins to accrue on the same Business Day of the deposit.

34. HSBC's unlawful policy denies Plaintiff and Class Members several days' worth of interest due on their Business Day Account deposits and unlawfully inflates HSBC's profits.

35. HSBC's unlawful policy effectively caused Plaintiff and Class Members to incur

a charge on the deposits to their Accounts.

36.     HSBC's charge was not disclosed in the Agreement or Disclosures.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action on behalf of himself, and on behalf all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

38.     Plaintiff seeks to represent three classes: nationwide classes based on HSBC's violation of the EFTA (on whose behalf he seeks actual damages, statutory damages, attorney's fees, and costs), breach of contract (on whose behalf he seeks actual damages), and violation of NY GBL § 349 (on whose behalf he seeks actual, treble, and punitive damages).

39.     The Nationwide EFTA Class is defined as all persons in the United States:

   a.    who opened an account with HSBC;

   b.    within one year prior to the filing of the instant Class Action Complaint;

   c.    who made noncash deposits into an Account on a Business Day; and

   d.    for which deposits HSBC did not begin to apply interest on the same Business Day the deposits were made.

40.     HSBC's Agreement with Plaintiff and members of the Classes stipulates that New York law governs disputes related to the Accounts.

41.     The Nationwide Breach of Contract Class is defined as all persons in the United States:

   a.    who opened an Account with HSBC;

   b.    within six years prior to the filing of the instant Class Action Complaint;

   c.    who made noncash deposits into an Account on a Business Day; and

   d.    for which deposits HSBC did not begin to apply interest on the same

Business Day the deposits were made.

42. The Nationwide NY GBL § 349 Class is defined as all persons in the United States:

    a. who opened an Account with HSBC;

    b. within three years prior to the filing of the instant Class Action Complaint;

    c. who made noncash deposits into an Account on a Business Day; and

    d. for which deposits HSBC did not begin to apply interest on the same Business Day the deposits were made.

43. Excluded from each of the two Classes is anyone employed by counsel for Plaintiff in this action and any Judge to whom this case is assigned, as well as his or her immediate family and staff.

*Numerosity*

44. The Agreement and Disclosures apply to each Account owned by Plaintiff and the Classes.

45. HSBC's policy of not applying interest to Account deposits on the same Business Day the deposits were made does not vary from one consumer to the next.

46. HSBC uses the same highly automated procedure to calculate interest on Account deposits.

47. HSBC is part of HSBC Group, which is "one of the world's largest banking and financial services organisations," serving more than 40 million customers in 64 countries, including the United States of America.[1]

48. The Accounts at issue have been offered to the general public and each Class set

---

[1] *See* https://www.hsbc.com/who-we-are/our-businesses-and-customers.

forth herein includes hundreds, if not thousands of consumers.

49. As such, the Classes are sufficiently numerous that joinder of all members is impracticable.

50. Although the exact number of members of the Classes and their addresses are unknown to Plaintiff, they are readily ascertainable from HSBC's records.

*Existence and Predominance of Common Questions*

51. Common questions of law and fact exist as to Plaintiff and all members of the Classes and predominate over questions affecting only individual members of the Classes.

52. These common questions include:

   a. whether HSBC has a policy or practice of not beginning to apply interest to Business Day deposits on the same Business Day the deposits were made;

   b. whether this practice violates the Agreement and Disclosures;

   c. whether HSBC disclosed to Plaintiff and Class Members its policy or practice of not beginning to apply interest to Business Day deposits on the same Business Day the deposits were made;

   d. whether HSBC's policy or practice of not beginning to apply interest to Business Day deposits on the same Business Day the deposits were made constitutes a charge to Plaintiff and Class Members pursuant to the EFTA;

   e. whether HSBC disclosed the charge to Plaintiff and Class Members; and

   f. whether HSBC's policy or practice of not beginning to apply interest to Business Day deposits on the same Business Day the deposits were made constitutes a breach of contract and/or deceptive business practice under

New York law.

*Typicality*

53. Plaintiff's claims are typical of the claims of the Classes because Plaintiff is a member of the Classes and was subject to the same pattern of misbehavior as other members of the Classes.

54. Thus, Plaintiff's claims—based on the same facts and legal theories as the claims of all other members of the Classes—are typical of the claims of the Classes.

*Adequacy*

55. Plaintiff will fairly and adequately represent the interests of the members of the Classes. His interests do not conflict with the interests of the members of the Classes he seeks to represent.

56. Plaintiff has retained counsel experienced in prosecuting class actions and in consumer protection matters. There is no reason why this Plaintiff and his counsel will not vigorously pursue this matter.

*Superiority*

57. The class action is superior to other available means for the fair and efficient adjudication of the claims at issue.

58. The damages suffered by each individual member of the Classes may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by HSBC's conduct.

59. Further, it would be virtually impossible for each individual member of the Classes to redress the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, the court system could not.

60. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case.

61. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

62. In the alternative, the Classes may be certified because:

   a. the prosecution of separate actions by the individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for HSBC;

   b. the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. HSBC has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

**FIRST CLAIM FOR RELIEF**
**(EFTA, 15 U.S.C. § 1693, *et seq.*)**

57. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

58. Plaintiff and each Class Member is a "consumer" as defined by 15 U.S.C. § 1693a(6).

59. Each Account is an "account" as defined by 15 U.S.C. § 1693a(2).

60. Each deposit at issue is an "electronic fund transfer" as defined by 15 U.S.C. § 1693a(7).

61. Section 1693c(a) and Regulation E § 1005.4(a)(1) required HSBC to disclose in "clear" and "readily understandable language" the terms and conditions related to electronic fund

9

transfers involving Plaintiff's and Class Members' Accounts at the time Plaintiff and Class Members opened the Accounts.

62. HSBC failed to disclose to Plaintiff and Class Members its policy of not beginning to apply interest on Business Day deposits until days later.

63. Indeed, in its Disclosures, HSBC stated the exact opposite: "Interest begins to accrue on the Business Day you deposit noncash items (e.g., checks)."

64. Section 1693c(a)(4) required HSBC to disclose "any charges for electronic fund transfers or for the right to make such transfers."

63. HSBC's unlawful policy denies Plaintiff and Class Members several days' worth of interest due on their Business Day Account deposits.

64. HSBC's unlawful policy has the effect of imposing upon Plaintiff and Class Members a charge for making electronic deposits to their Accounts.

65. HSBC's charge was not disclosed in the Agreement or Disclosures.

66. HSBC's conduct violates the disclosure requirements of Sections 1693c(a) and (a)(4).

67. HSBC's unlawful conduct entitles Plaintiff and Class Members to actual damages, statutory damages, attorney's fees, and costs.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

65. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

66. As consideration for Plaintiff and the Class Members to open Accounts with HSBC, HSBC agreed to begin to apply interest on deposits starting on the same Business Day the deposits were made.

67. HSBC violated its agreement by not applying interest on deposits starting on the

same Business Day the deposits were made. Instead, HSBC did not begin to apply interest on Business Day deposits until days later.

68. By failing to apply interest as agreed, HSBC caused Plaintiff and Class Members damages and deprived them of the benefit of the contract.

## THIRD CLAIM FOR RELIEF
### (NY GBL § 349)

69. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

70. HSBC's practice of not beginning to apply interest on the same Business Day that Account deposits were made is a deceptive act and practice committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

71. This deceptive act and practice constitutes a violation of NY GBL § 349 independent of whether the practice also constitutes a violation of any other law.

72. HSBC's practice is consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public.

73. HSBC's failure to begin to apply interest on the same Business Day Account deposits were made was false and deceptive and impaired the rights of consumers.

74. Plaintiff and all others similarly situated have been damaged thereby.

75. As a result of HSBC's violations of § 349, Plaintiff and each other member of the Class are entitled to declaratory judgment; an injunction against the offending conduct, actual damages, treble damages up to an additional $1,000 per Class member, punitive damages, costs, and attorneys' fees.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE,** Plaintiff and the Class members respectfully request that this Court provide the following relief:

A. An order certifying this case as a class action under Fed. R. Civ. P. 23, naming Plaintiff as Class Representative, and appointing his attorneys as Class Counsel;

B. A judgment declaring that HSBC has committed the violations of law alleged in this action and an injunction forbidding any future violations;

C. An award of actual damages, statutory damages, punitive damages, treble damages, attorney's fees, and costs;

D. Such other and further relief that may be just and proper.

Dated: March 25, 2020

SCHLANGER LAW GROUP LLP

*/s/Daniel A. Schlanger*
Daniel A. Schlanger
Brian K. Herrington (to apply *pro hac vice*)
9 East 40th Street
Suite 1300
New York, NY 10016
T. (212) 500-6114
F. (646) 612-7996
dschlanger@consumerprotection.net
bherrington@consumerprotection.net

*/s/Beth Terrell*
Beth Ellen Terrell (to apply *pro hac vice*)
Eric R. Nusser (to apply *pro hac vice*)
Terrell Marshall Law Group PLLC
936 N 34th St., Suite 300
Seattle, WA 98103
T. (206) 816-6603
F. (206) 319-5450
bterrell@terrellmarshall.com
eric@terrellmarshall.com

*Attorneys for Plaintiff*