UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
JI DONG CHENG,

                     Plaintiff,

        - against -

HSBC BANK USA, N.A.,

                     Defendant.

----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-1551 (BMC)

**COGAN**, District Judge.

      Defendant HSBC Bank USA, N.A. brings a class decertification motion that poses a knotty technical question unanswered in this Circuit: can the tolling rule announced in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), exclude absent class members from a timely filed class action after an order denying certification is vacated on appeal? Because the answer is no, HSBC's motion to decertify is denied. However, HSBC's alternative motion to amend the class definition is granted.

## BACKGROUND

      I recount only the facts necessary to dispose of the instant motion; my prior decisions more thoroughly describe the case's background. See Cheng v. HSBC Bank USA, N.A., No. 20-cv-1551, 2023 WL 4490364 (E.D.N.Y. June 22, 2023); Cheng v. HSBC Bank USA, N.A., 511 F. Supp. 3d 248 (E.D.N.Y. 2021). Plaintiff Ji Dong Cheng filed the operative class action complaint against HSBC on March 25, 2020. Representing certain other holders of HSBC savings accounts, Cheng brought several claims premised on roughly the same theory: that the terms and conditions governing the savings accounts indicated that interest should accrue on

noncash deposits the moment a transfer is initiated, yet HSBC credited interest only after it received a deposit.

In September 2023, I denied Cheng's motion to certify a class on his two remaining claims, a claim for breach of contract and a claim under New York General Business Law § 349. Over a year later, the Second Circuit summarily reversed that decision. Cheng v. HSBC Bank USA, N.A., No. 23-7383, 2024 WL 4835268 (2d Cir. Nov. 20, 2024). On remand, I certified a class on the contractual claim but denied certification on the § 349 claim. The contract class was defined as follows:

> All persons in the United States who opened a Direct Savings Account with HSBC between March 25, 2014, through the date of certification and who made noncash deposits into the account using HSBC's online portal on a Business Day for which HSBC did not begin to apply interest on the same Business Day the deposits were initiated on the portal or on the first Business Day after a deposit initiated on a Saturday, Sunday, or Federal holiday.

After some back-and-forth over how to proceed with the action, HSBC filed the instant motion. The bank primarily seeks to decertify the class on a theory that the one-year contractual limitations period expired on the absent class members' claims while the certification order was before the Second Circuit. Alternatively, it seeks to amend the class definition to replace "March 25, 2014" with "March 25, 2019" and to clarify that the class contains only accountholders "who made noncash deposits into the account on or before February 20, 2021."

Cheng opposes decertification but admits that the one-year limitation applies to the contract claim and, accordingly, that the definition should exclude accountholders who opened an account before March 25, 2019. He does not address whether the definition should include the "noncash deposits into the account on or before February 20, 2021" language. I address first decertification before turning to amendment.

## DISCUSSION

Class certification orders "are not frozen once made." Amgen Inc. v. Conn. Ret. Plans & Tr. Funds, 568 U.S. 455, 479 n.9 (2013). "An order that grants or denies class certification may be altered or amended before final judgment," Fed. R. Civ. P. 23(c)(1)(C), and "[d]ecertification may be warranted after further proceedings," id. (advisory committee's note to 2003 amendment). A district court should decertify a class "if later events demonstrate that the reasons for granting class certification no longer exist or never existed." Monaco v. Stone, 187 F.R.D. 50, 59 (E.D.N.Y. 1999). The same is true for amending a class definition. See In re LIBOR-Based Fin. Instruments Antitrust Litig., 299 F. Supp. 3d 430, 603 (S.D.N.Y. 2018). In both cases, "the burden to prove compliance with Rule 23 remains with the plaintiff." Mazzei v. Money Store, 829 F.3d 260, 270 (2d Cir. 2016) (citing Rubinstein, Newberg and Rubinstein on Class Actions, § 7:22 (5th ed. 2016 update)).

### I. Class Decertification

HSBC's decertification motion invokes the limits of the American Pipe tolling doctrine. In American Pipe, a seminal class-action-tolling case, the Supreme Court allowed prospective members of a putative class action to intervene in the suit after the district court denied certification, even though the limitations period on the intervenors' claims had expired. Rejecting the defendants' arguments that the intervenors' claims were time-barred, the Court pronounced that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe, 414 U.S. at 554. Thus, it concluded, the statute of limitations on the prospective class members' claims were tolled "during the pendency of the motion to strip the suit of its class action character." Id. at 561.

3

Decades later, the Second Circuit illuminated the bounds of American Pipe tolling in Giovanniello v. ALM Media, LLC, 726 F.3d 106 (2d Cir. 2013). The plaintiff there had filed four successive class actions against the defendants: two state actions which he voluntarily withdrew, a federal action which was dismissed for lack of subject-matter jurisdiction, and a second federal action which was dismissed as time-barred. In disposing of his fourth suit, the district court rejected the plaintiff's argument that his claims were tolled from the time of filing the initial suit. The Second Circuit agreed and adopted a bright-line rule "that American Pipe tolling ends upon denial of class certification" and does not "continue[] through the pendency of reconsideration or through appeal." Id. at 116.

Wielding the principle that American Pipe tolling ends at the denial of class certification, HSBC argues that the class no longer satisfies Rule 23's numerosity requirement. Its argument proceeds in six steps: (1) the statute of limitations on the absent class members' claims began to run in September 2023, when I denied the first motion for class certification; (2) the limitations period expired a year later, while the case was still on appeal; (3) the absent class members' claims were time-barred when I certified the contract class on remand; (4) those absent class members should have been excluded from the class; (5) Cheng's proposed contract class includes only him; and (6) therefore, the class lacks numerosity and should be decertified.[1]

The bank's logic has some appeal at first glance, but the fourth premise crumbles upon closer scrutiny. Namely, whether the class members would now be barred from bringing a separate individual suit, or from intervening in the current suit, does not affect their ability to participate as absent members in Cheng's timely filed class action.

---

[1] Technically, HSBC is not just moving for decertification. It is moving first for partial summary judgment on the statute-of-limitations issue and *then* for decertification. I have discretion to rule on both simultaneously, which I choose to exercise here. See Pavano v. Shalala, 95 F.3d 147, 152 (2d Cir. 1996).

4

"A statute of limitations creates an affirmative defense where plaintiff failed to bring suit within a specified period of time." Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 88 n.4 (2d Cir. 2010). Put simply, statutes of limitations are time-to-file rules. Indeed, the contractual limitation at issue here reads that a customer "agree[s] **to make any claim or bring any legal action** relating to the Bank's handling of [the customer's savings] account in writing **within one (1) year of the date the problem occurred**." (Emphasis added). So, because both parties agree the class period begins on March 25, 2019, HSBC could assert a statute-of-limitations defense against the absent class members only if they made a claim or brought a legal action on or later than March 26, 2020. Yet Cheng's filed his complaint on March 25, 2020, and it asserts a contract claim on behalf of the absent class members. The one-year limitations period does not bar the absent members from participating in the action, and the class remains sufficiently numerous.

This result follows from the black-letter legal principle that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013). A class representative sues "as [a] representative part[y] on behalf of all class members," Fed. R. Civ. P. 23(a), while "an absent class-action plaintiff . . . may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). It is unsurprising, then, that every court of appeals presented with the question at issue here has ruled that "[w]hen an appellate court overturns a district court's denial of class certification, the date of original filing, rather than the date of eventual certification, is used to determine whether the claims of potential class members are time-barred." Calderon v.

5

Presidio Valley Farmers Ass'n, 863 F.3d 384, 390 (5th Cir. 1989); see also Westinghouse Elec. Corp., 556 F.2d 699 (3d Cir. 1977); Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968).

Of course, HSBC could assert a statute-of-limitations defense against any claims the absent members *now* try to assert as an individual plaintiff rather than as a class member. That is, a class member could not intervene in the action, like the plaintiffs in American Pipe, or file a successive action, like the plaintiff in Giovanniello. But, again, no class member is attempting to bring a fresh claim against HSBC outside of the one-year limitation period. Cheng has already timely sued on behalf of the class.

Resisting this conclusion, HSBC points to several district court cases saying that "[a] class action cannot proceed on behalf of class members whose claims are time-barred." Duprey v. Conn. Dep't of Motor Vehicles, 191 F.R.D. 329, 341 (D. Conn. 2000); see also, e.g., Daniels v. Fed. Reserve Bank of Chi., 194 F.R.D. 609, 618 (N.D. Ill. 2000) ("individuals with time-barred claims may not be included within a proposed class"). But those cases refer to putative class members whose claims were time-barred at the time the lead plaintiff filed the complaint. See, e.g., Duprey, 191 F.R.D. at 341 (excluding from a class individuals whose claims accrued "prior to August 26, 1995, which is one year prior to the filing of this action"). If anything, HSBC's authorities underscore that courts look to the date of filing when determining whether a defendant can use a statute-of-limitations defense to defeat class certification.

To harmonize its position with the cases on which it relies, HSBC would need to argue that a class representative does not "make" or "file" the claims of the absent members until the district court grants class certification. On this view, the date of filing would *usually* control for limitations purposes because the class members' claims are tolled under American Pipe;

6

however, in situations like this one, the date would not control because <u>American Pipe</u> tolling ended at the initial denial, and the limitations period expired before the subsequent certification.

HSBC shies away from this necessary argument for good reason: it contradicts the very theory undergirding the modern incarnation of Rule 23. By filing a class action claim, a class representative asserts prospective members' claims on their behalf. <u>See</u> Fed. R. 23 advisory committee's note to 1966 amendment (contrasting the now-outdated spurious class action, which was "supposed not to adjudicate the rights or liabilities of any person not a party," with the contemporary Rule 23(b)(3) class action). By extension, class certification does not join parties to an ongoing litigation or assert additional claims against a defendant. It merely recognizes that the class representative does in fact comply with the Rule 23 prerequisites.

More importantly, "a court faced with a question concerning the rights and duties of absent class members" should "assess the issue presented with reference to the goals of representative litigation," rather than "by strained analogies to conventional litigation." Rubinstein, <u>Newberg and Rubinstein on Class Actions</u>, § 1:5 (6th ed. June 2025 update). And HSBC's proposed rule frustrates two core objectives of Rule 23 class actions: "procedural fairness and efficiency." <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 402 (2010).

HSBC's rule – that prospective absent class members must intervene or assert individual claims whenever a district court erroneously denies class certification – would cut against the goal of procedural fairness to absent class members. A district court's mistake would bar the absent members from enjoying the benefits of absent class membership to which they are entitled; the members would be forced to either take an active role in the litigation or forfeit recovery on the claims. The rule is also inefficient. Whenever a district court erroneously denies

7

certification, it would have to adjudicate each claim separately, clogging its docket with near-identical individual claims. Such punishment is disproportionate to the crime of misapplying Rule 23. Accordingly, HSBC's decertification motion is denied.

## II.     Amendment of the Class Definition

Assured that the class should remain certified, I now turn to the motion to amend. The only point on which the parties disagree is whether the class should include individuals who opened accounts before HSBC revised its terms and conditions on February 20, 2021, but who did not make a noncash deposit until after the revision. HSBC argues that the class should not include these accountholders because they transacted under a different contract which made clear that interest accrues only after HSBC receives noncash deposits. Cheng seems to disagree with HSBC's proposed limitation – he did not include it in his proposed amended class definition – but his briefing fails to address *why* the class should not be so limited.

Setting aside any waiver or burden-of-proof issues, I conclude that the class definition should include only those accountholders who made noncash deposits before the terms and conditions were updated. It is highly unlikely that other accountholders could make out a breach-of-contract claim against HSBC; the new terms and conditions removed the very phrase that Cheng claims created a contractual obligation to apply interest upon transfer. And even if the claims could succeed, Cheng's claim would not be typical of theirs. See Fed. R. Civ. P. 23(a). The other account holders' claims would focus on the import of wholly different language, which means their "arguments to prove the defendant's liability" would be far different from Cheng's. Elisa W. v. City of New York, 82 F.4th 115, 128 (2d Cir. 2023).

8

## CONCLUSION

For these reasons, HSBC's motion to decertify the class is denied, but its motion to amend the class definition is granted.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
August 20, 2025